NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0556n.06

Filed: September 11, 2008

No. 07-3256

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KIM ROUMELIOTE, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant,** | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| LONG TERM DISABILITY PLAN FOR | ) | |
| EMPLOYEES OF WORTHINGTON INDUSTRIES, | ) | **M E M O R A N D U M** |
| properly styled as UNUM LIFE INSURANCE | ) | **O P I N I O N** |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| **Defendant-Appellee.** | ) | |

BEFORE: MARTIN and NORRIS, Circuit Judges; STAMP, District Judge.[*]

**PER CURIAM.** Plaintiff Kim Roumeliote filed a complaint for declaratory judgment and damages under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, after she was denied long-term disability benefits under a plan administered by Unum Life Insurance Company of America ("Unum") and sponsored by her employer, Worthington Industries. The district court granted summary judgment to Unum.[1] *Roumeliote v. Long Term Disability Plan for Employees of Worthington Indus.*, 475 F. Supp. 2d 742 (S.D. Ohio 2007). Plaintiff appeals, arguing that the denial of benefits was "arbitrary and capricious."

---

[*]The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia, sitting by designation.

[1]Technically, the plan itself is the named defendant. As its administrator, Unum represents the plan in this litigation.

This court reviews *de novo* a district court's grant of summary judgment in an ERISA action, applying the same standard used by the district court. *Shelby County Health Care Corp. v. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 933 (6th Cir. 2000). In reviewing the district court's judgment, we must determine whether the district court applied the proper standard of review in assessing the merits of the summary judgment motion. In ERISA cases, the decisions of a plan administrator are subject to review under the "arbitrary and capricious" standard if the plan vests discretionary authority in the administrator. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989); *Wendy's Int'l v. Karsko*, 94 F.3d 1010, 1012 (6th Cir. 1996). In this case, the plaintiff concedes that the "arbitrary and capricious" standard of review applies to her claim. While this standard is highly deferential, and we are obliged to uphold a benefit determination if it is rational in light of the plan's provisions, the standard does not require us merely to rubber stamp the administrator's decision. *Jones v. Metro. Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004) (quotations omitted).

This circuit has recognized that a potential conflict of interest exists when the plan is both the "decision-maker, determining which claims are covered, and also the payor of those claims." *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 292 (6th Cir. 2005). In the instant case, the district court indicated that the potential for such a conflict existed with respect to Unum:

> In evaluating the record, . . . the Court is required to consider only the facts known to the plan administrator at the time the final decision was made to deny disability benefits. *Moon v. Unum Provident Corp.*, 405 F.3d 373, 378 (6th Cir. 2005); *see also Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). The Court is also required to remain cognizant of the potential inherent conflict of interest that arises when an insurer such as Unum acts as both the decision maker on a claim and the potential payor of that claim. *Calvert*, 409 F.3d at 292

> ("[t]he possible conflict of interest inherent in this situation should be taken into account as a factor in determining whether [Unum's] decision was arbitrary and capricious.").

*Roumeliote*, 475 F. Supp. 2d at 746 (citation omitted).  This term the United States Supreme Court re-examined the manner in which reviewing courts are to assess the effect of an inherent conflict of interest.  *Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343 (2008).  Particularly in light of the fact that the Court was reviewing a decision of this circuit, we delayed our decision in this case until we could ascertain whether the Court intended to alter the analysis.  It did not.  Rather, the Court expressly approved of the approach first enunciated in *Firestone*, *supra*, and followed by this court in *Glenn*: "[W]hen judges review the lawfulness of benefit denials, they will often take account of several different considerations of which a conflict of interest is one."  *Glenn*, 128 S. Ct. at 2351.

In the instant case, the district court recognized the potential for an inherent conflict of interest and weighed it as a factor.  As with so many ERISA cases involving the denial of benefits, the record contains medical evidence to support the positions of each party.  For that reason, the standard of review plays a particularly significant role, often tipping the balance in favor of the plan administrator's denial.  That is the case here.  We have had an opportunity to review the record, the briefs of the parties, and have heard oral argument.  Although we are sympathetic to plaintiff's position, we agree with the district court that the plan administrator's decision was not arbitrary and capricious.  Because our analysis does not differ in any significant form from that provided by the district court in its published decision, a reasoned opinion on our part would serve no useful purpose.

The judgment of the district court is **affirmed**.